# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# EL PASO DIVISION

| | | |
|---|---|---|
| EVA LICON ENRIQUEZ, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | NO. EP-3-17-CV-00329-RFC |
| | § | |
| Acting Commissioner of Social[1] | § | |
| Security Administration, | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

This is a civil action seeking judicial review of an administrative decision. Jurisdiction is predicated upon 42 U.S.C. § 405(g). Both parties having consented to trial on the merits before a United States Magistrate Judge, the case was transferred to this Court for trial and entry of judgment pursuant to 28 U.S.C. § 636(c), and Rule CV-72 and Appendix C to the Local Court Rules for the Western District of Texas.

Plaintiff appeals from the decision of the Commissioner of the Social Security Administration ("Commissioner") denying her application for disability insurance benefits ("DIB") under Title II of the Social Security Act. For the reasons set forth below, this Court orders that the Commissioner's decision be **AFFIRMED**.

## PROCEDURAL HISTORY

On May 15, 2014, Plaintiff filed an application for DIB, alleging a disability onset date of

---

[1] On March 6, 2018, the Government Accountability Office determined that Nancy Berryhill's continued service as Acting Commissioner of Social Security violated the Federal Vacancies Reform Act of 1998. *See* Government Accountability Office, Violation of the Time Limit Imposed by the Federal Vacancies Reform Act of 1998 (2016), https://www.gao.gov/products/D18772. Accordingly, this position is now vacant.

November 16, 2013. (R:120)[2] Her application was denied initially and on reconsideration. (R:51, 61) Plaintiff filed a request for a hearing, which was conducted on August 11, 2016. (R:25-42) The Administrative Law Judge ("ALJ") issued a decision on September 28, 2016, denying benefits. (R:10-20) The Appeals Council ("AC") denied review. (R:1-4)

## ISSUE

Plaintiff presents the following issue for review:

1. Whether the ALJ erroneously found that Plaintiff's fibromyalgia was non-severe. (Doc.17:2)

Plaintiff contends that not only did the ALJ err in finding that Plaintiff's fibromyalgia is non-severe but also that such error is prejudicial. (Doc.17:2-6) Consequently, Plaintiff seeks a reversal and remand for an award of benefits or for further administrative proceedings. (Doc.17:6) Defendant responds that the ALJ used the proper legal standards; alternatively, she contends that if any error took place, it is harmless, and that substantial evidence supports the ALJ's findings and conclusions. (Doc.18:4-9)

## DISCUSSION

### *I. Standard of Review*

This Court's review is limited to a determination of whether the Commissioner's decision is supported by substantial evidence, and whether the Commissioner applied the proper legal standards in evaluating the evidence. *See* 42 U.S.C. § 405(g); *Masterson v. Barnhart*, 309 F.3d 267, 272 (5th Cir. 2002); *Martinez v. Chater*, 64 F.3d 172, 173 (5th Cir. 1995). Substantial evidence "is

---

[2] Reference to documents filed in this case is designated by "(Doc. [docket entry number(s)]:[page number(s)])". Reference to the transcript of the record of administrative proceedings filed in this case, (Doc. 13), is designated by "(R:[page number(s)]).

more than a mere scintilla, and less than a preponderance." *Masterson*, 309 F.3d at 272. The Commissioner's findings will be upheld if supported by substantial evidence. *Id.* A finding of no substantial evidence will be made only where there is a conspicuous absence of credible choices or no contrary medical evidence. *Abshire v. Bowen*, 848 F.2d 638, 640 (5th Cir. 1988).

In applying the substantial evidence standard, the court may not reweigh the evidence, try the issues *de novo*, or substitute its own judgment for the Commissioner's, even if it believes the evidence weighs against the Commissioner's decision. *Masterson*, 309 F.3d at 272. Conflicts in the evidence are for the Commissioner and not the courts to resolve. *Id.*; *Spellman v. Shalala*, 1 F.3d 357, 360 (5th Cir. 1993).

## *II. Evaluation Process*

The ALJ evaluates disability claims according to a sequential five-step process: 1) whether the claimant is currently engaged in substantial gainful activity; 2) whether the claimant has a severe medically determinable physical or mental impairment; 3) whether the claimant's impairment(s) meet or equal the severity of an impairment listed in 20 C.F.R. Part 404, Subpart B, Appendix 1; 4) whether the impairment prevents the claimant from performing past relevant work; and 5) whether the impairment prevents the claimant from doing any other work. 20 C.F.R. § 404.1520. The claimant bears the burden of proof at the first four steps of the analysis. *Leggett v. Chater*, 67 F.3d 558, 564 (5th Cir. 1995).

In the present case, the ALJ found that Plaintiff had severe impairments of inflammatory arthritis, spine disorder status post fusion, chondromalacia and degenerative joint disease of the right knee, and diabetes mellitus. (R:12) He then found that Plaintiff's obesity, fibromyalgia, essential hypertension, hypothyroidism and anxiety were non-severe impairments. (*Id.*) The ALJ next

3

determined that none of Plaintiff's impairments, either alone or in combination, met or medically equaled the listed impairments. (R:14) After considering the entire record, he determined that Plaintiff retained the residual functional capacity ("RFC") to perform sedentary work with some limitations. (R:15) Plaintiff can stand and walk alternatively for a total of 2 hours each activity out of 8 hours per day with sitting occurring intermittently throughout the remaining 6 hours of the day, and with postural limitations in that Plaintiff can frequently push and pull and reach with upper extremities, can never ascend and/or descend ropes/ladders/scaffolds or stairs, can occasionally stoop, kneel, crouch, crawl and balance, and can frequently use the hands for grasping, holding and turning objects. (*Id.*) The ALJ determined that Plaintiff retained the capacity to perform her past relevant work as a 911 operator, a sedentary semi-skilled job. (R:18) Consequently, he found that Plaintiff was not disabled through the date of the decision. (R:19)

### *III. The ALJ's Determination of Plaintiff's Residual Functional Capacity*

Residual functional capacity is the most an individual can still do despite her limitations. 20 C.F.R. § 404.1545; SSR 96-8p. The responsibility to determine the Plaintiff's RFC belongs to the ALJ. *Ripley v. Chater*, 67 F.3d 552, 557 (5th Cir. 1995). In making this determination, the ALJ must consider all the record evidence and determine the Plaintiff's abilities despite her physical and mental limitations. The ALJ must consider the limiting effects of an individual's impairments, even those that are non-severe, and any related symptoms. *See* 20 C.F.R. §§ 404.1529, 404.1545; SSR 96-8p. The relative weight to be given the evidence is within the ALJ's discretion. *Chambliss v. Massanari*, 269 F.3d 520, 523 (5th Cir. 2001). The ALJ is not required to incorporate limitations in the RFC that he did not find to be supported in the record. *See Morris v. Bowen*, 864 F.2d 333, 336 (5th Cir. 1988).

It is Plaintiff's burden to establish disability and to provide or identify medical and other evidence of her impairments. *See* 42 U.S.C. § 423(d)(5); 20 C.F.R. § 404.1512(c). A medically determinable impairment must be established by acceptable medical sources. 20 C.F.R. § 404.1513(a). Plaintiff's own subjective complaints, without objective medical evidence of record, are insufficient to establish disability. *See* 20 C.F.R. §§ 404.1508, 404.1528, 404.1529

## IV. Analysis

The major issue on appeal is whether the ALJ erroneously found Plaintiff's fibromyalgia non-severe. (Doc.17:2) SSR 12-2p describes two ways by which fibromyalgia can be diagnosed as a medically determinable impairment. Under the relevant part of the first test, a claimant must show a history of widespread pain and at least 11 of 18 positive tender points on examination. SSR 12-2p (II)(A)(2). The ALJ found that Plaintiff did not meet this test. (R:14) The ALJ did not explicitly consider the second test, wherein a claimant must show a history of widespread pain and repeated manifestations of six or more fibromyalgia symptoms. SSR 12-2p (II)((B). Plaintiff argue that this non-consideration was reversible error. (Doc. 17:4) This Court disagrees. SSR 12-2p does not require consideration of both tests, and the ALJ did not commit reversible error by failing to discuss the second test. SSR 12-2P (II); *Mayeux v. Comm'r of the Soc. Sec. Admin.*, 2018 WL 297588 at *5 (M.D. La. Jan. 4, 2018)(slip copy).

Further, Plaintiff's argument is moot. The ALJ, without discussing the second test, found that Plaintiff's fibromyalgia was a medically determinable impairment, and this impairment was non-severe. (R:12) The Commissioner conceded that the ALJ may have implicitly determined that Plaintiff's fibromyalgia was a medically determinable impairment through the second test. (Doc. 18:5) Thus, the ALJ did not err by failing to discuss the second test, and this Court will focus on

5

whether the ALJ erred by finding Plaintiff's fibromyalgia non-severe.

The ALJ committed harmless error. Because this case does not turn upon a step two determination and severe impairments were determined to exist, and because all impairments were considered in the ALJ's formulation of Plaintiff's RFC, even if the ALJ erred in his finding that fibromyalgia was non-severe at step two, such error is harmless. *See Gibbons v. Colvin*, 2013 WL 1293902, at *16 (N.D. Texas. Mar. 30, 2013) (Ramirez, J.) (holding that error under *Stone v. Heckler*, 752 F.2d 1099 (5th Cir. 1985), potentially causing ALJ not to recognize certain impairments as severe at step two, was harmless because the ALJ considered the impairments in the RFC); *Herrera v. Comm'r*, 406 Fed. Appx. 899, 903 (5th Cir. 2010) (per curiam) (holding that the ALJ's failure to assess the severity of a claimant's impairments at step two is not a basis for remand where the ALJ proceeds beyond step two and determines that a claimant, despite severe impairments, retained the RFC to do other work). In essence, this is not a case where the ALJ failed to consider the impairments at all.

In March 2014, Dr. Rogelio Gonzales encouraged Plaintiff to exercise. (R:302) Both state agency non-examining physicians, Dr. Patty Rowley and Dr. Kim Rowlands, recognized Plaintiff's fibromyalgia, but opined that she could perform medium work. (R:46-48, 56-59) On July 28, 2014, Dr. Hunko concluded that Plaintiff could ambulate without any assistive device, that she could sit and stand without difficulty, that she had good range of motion and mobility, and that she could grasp for items and button her clothes. (R:332) Finally, in May 2016, Dr. Benjamin Gonzalez observed that Plaintiff had a normal gait and recommended that she continue to exercise. (R:410-11) The ALJ properly weighed and considered all medical opinions before arriving at his final disability decision. The Court finds that the medical evidence supports the ALJ's RFC determination.

The ALJ considered Plaintiff's fibromyalgia when determining her RFC, and evaluated her stress, joint pain, and fatigue. (R:16) He took into account limitations caused by Plaintiff's fibromylgia by limiting her to a reduce range of sedentary work. (R:15)

The ALJ also considered Plaintiff's daily activities in assessing her RFC. He considered that Plaintiff drove a vehicle, exercised, dressed herself, cooked, washed dishes, dusted, shopped for groceries, went to church, and visited her father on weekends. (R:29-36) The ALJ can consider daily activities when deciding a claimant's disability status. *See Leggett v. Chater*, 67 F.3d 558, 565 n. 12 (5th Cir. 1995) This further supports the ALJ's determination of non-disability.

The Court notes that other than with respect to the answers to the hypothetical question posed by Plaintiff to the vocational expert ("VE") in this case, Plaintiff does not argue specifically what other limitations should have been found in her RFC. (R:41) The Court finds that Plaintiff has not shown that any of her impairments, including fibromyalgia, resulted in functional limitations beyond those accounted for in the ALJ's RFC finding. Furthermore, she does not contend that her fibromyalgia equals any Listing by itself or in combination with other impairments. The lack of functional limitations created by Plaintiff's fibromyalgia, other than those accounted for by the ALJ, further supports the ALJ's decision. *See Vaughan v. Shalala*, 58 F.3d 129, 131 (5th Cir. 1995).

In the Fifth Circuit, harmless error exists when it is inconceivable that a different determination would have been reached absent the error. *Frank v. Barnhart*, 326 F.3d 618, 622 (5th Cir. 2003). Here, despite the ALJ's step two error, it is inconceivable that he would have assessed a different RFC had the error not taken place due to the abundance of evidence which supports the RFC conclusion. Hence, the Court determines that the ALJ's error is harmless and is not the basis for reversal.

Plaintiff also argues that a finding of disability is appropriate if an individual cannot perform full-time competitive employment because she is not able to perform basic work-related activities on a *sustained* basis. (Doc.17:5) She contends that the evidence of record as a whole supports the conclusion that her impairments and symptoms restrict her to less than sedentary work—she is unable to perform sustained work on a regular and continuing basis. (*Id.*) She appears to argue that the ALJ erred in failing to determine whether Plaintiff was capable not only of obtaining employment, but also maintaining it. *See Watson v. Barnhart*, 288 F.3d 212, 218 (5th Cir. 2002). The Court rejects these arguments for the following reasons.

Ordinarily, RFC is the individual's maximum remaining ability to do sustained work activities in an ordinary work setting on a regular and continuing basis, and the RFC assessment must include a discussion of the individual's abilities on that basis. A "regular and continuing basis" means 8 hours a day, for 5 days a week, or an equivalent work schedule. SSR 96-8p. The Fifth Circuit has made it clear that an affirmative finding that an individual can maintain employment is necessary only when an individual's ailment waxes and wanes in its manifestation of disabling symptoms. *See Frank v. Barnhart*, 326 F.3d 618, 619 (5th Cir. 2003). In other words, the ALJ is not obligated to make separate findings on "obtaining" and "maintaining" a job in every case, particularly in cases in which the claimant does not suggest that there is any difference between the issue of her ability to work and her ability to sustain work. *Id.* at 621. The ALJ is required to assess the claimant's ability to maintain employment only when the claimant's intermittently recurring symptoms are of sufficient frequency or severity to prevent the claimant from holding a job for a significant period of time. *Id.* at 619; *Dunbar v. Barnhart*, 330 F.3d 670, 671 (5th Cir. 2003). In *Frank*, the Court provided the example of a claimant alleging that her degenerative disc disease

prevented her from maintaining employment because every number of weeks she lost movement in her legs–such would be relevant to the disability determination. *Id.* at 619.

In the instant case, Plaintiff's ability to maintain sustained employment was not questioned during the administrative process. The necessary predicate required by the Fifth Circuit to necessitate a separate finding regarding the ability to sustain employment has not been established by Plaintiff. Rather, this is a standard case where the issue of whether the claimant can maintain employment for a significant period of time is subsumed in the analysis regarding the claimant's ability to obtain employment. *Frank v. Barnhart*, 326 F.3d 618, 619 (5th Cir. 2003) The ALJ's failure to make a separate finding does not constitute reversible error.

Finally, Plaintiff points out that the VE testified that if a hypothetical individual took up to three unscheduled breaks ranging from twenty to twenty-five minutes she would not be able to maintain competitive employment. She argues that because the ALJ did not accommodate this limitation in his RFC finding, which would have resulted in a finding of disability, the ALJ committed reversible error. (Doc.17:6) Nevertheless, the ALJ is not bound by VE testimony which is based on evidentiary assumptions ultimately rejected by the ALJ. *See Owens v. Heckler*, 770 F.2d 1276, 1282 (5th Cir. 1985). Because the ALJ did not find these functional limitations due to fibromyalgia or otherwise, and this finding is supported by substantial evidence, as discussed earlier, the Court finds that this argument also lacks merit.

A review of the entire record and objective medical evidence supports the ALJ's findings and RFC determination and demonstrates that any error was harmless. Plaintiff's subjective complaints are insufficient to support her claim for disability. Consequently, the Court finds that substantial evidence supports the ALJ's RFC determination and ultimate disability decision.

## CONCLUSION

Based on the foregoing, the Court hereby **ORDERS** that the decision of the Commissioner be **AFFIRMED** consistent with this opinion.

**SIGNED** and **ENTERED** on May 18, 2018.

_____
ROBERT F. CASTANEDA
United States Magistrate Judge